UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
CELIA DAVIS,
                         Plaintiff,

               -v-

CITY OF NEW YORK, *et al.*,
                        Defendants.

22-CV-7056 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

       On July 18, 2022, Plaintiff Celia Davis ("Davis") initiated this action against Defendants New York City Department of Education and City of New York (together, "Defendants") in the Supreme Court for the State of New York in the County of New York. (ECF No. 1-1.) Davis raised one federal claim under the Federal Labor Standards Act ("FLSA") and additional claims under New York state law: claims based on the New York Labor Law ("NYLL"), for breach of contract, for unjust enrichment, and for *quantum meruit*. (ECF No. 1-1 ¶¶ 6 – 18.)

       On August 18, 2022, Defendants removed this action to this Court due to the presence of the FLSA claim. (ECF No. 1.) On October 25, 2022, Davis filed an Amended Complaint, which jettisoned the FLSA claim. (*See generally* ECF No. 19.) Davis's Amended Complaint reiterated only her NYLL and New York common law claims. (ECF No. 19 ¶¶ 21 – 27.)

       Defendants urge this Court to exercise its discretionary supplemental jurisdiction over Davis's purely state law claims because remanding would require "the parties . . . to re-brief the instant motion in another forum" having already incurred costs and in the interest of "judicial efficiency." (ECF No. 34 at 6 – 7.) Defendants do not contend that they have a right to be in federal court, only that this Court should exercise its sole discretion to retain jurisdiction.

However, while technically a matter of district court discretion, precedent and public policy ought to guide how that discretion ought to be exercised. As then-District Judge Sullivan persuasively explained,

> Where . . . a plaintiff's only federal claims have been dismissed, the Court has discretion to maintain jurisdiction over any pendent state law claims. However, the Supreme Court and the Second Circuit have instructed that in "the usual case in which all federal-law claims are eliminated before trial . . . the balance of factors to be considered' by the district court—'judicial economy, convenience, fairness, and comity' [—] will point toward declining to exercise jurisdiction over the remaining state law claims."

*Nix v. Off. of Comm'r of Baseball*, No. 17-cv-1241 (RJS), 2017 WL 2889503, at *3 (S.D.N.Y. July 6, 2017) (quoting, *inter alia*, *Kolaria v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) (itself quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).

This is one such "usual case." Absent egregious conduct or unusual circumstances that do not exist here, courts in the Second Circuit typically find these factors lacking when all federal claims are relinquished prior to the commencement of discovery, as in the case. *See id.* at a*4 ("Indeed, courts in this Circuit generally . . . remand where, as here, a plaintiff voluntarily dismisses all of its federal claims prior to the beginning of discovery" (collecting cases)).

Therefore, the Court declines to exercise supplemental jurisdiction over the Amended Complaint, which asserts only state law claims. This case is remanded to state court, and the motion to dismiss is denied without prejudice to renewal in state court.

The Clerk of the Court is respectfully directed to close the motion at ECF No. 23 and to REMAND this case to New York Supreme Court for New York County.

SO ORDERED.

Dated: August 15, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge